UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PARIS LAQUISHA FUNDERBURK, ) | Civil Action No. 4:20-cv-2903-JMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| DEPUTY JOHNSON, DEPUTY N. ) | |
| VINSON, DEPUTY WILLIAM ) | |
| BALLEW, DEPUTY JOSH GILLESPIE, ) | |
| MAJOR FREEMAN, CAPTAIN HAYES, ) | |
| CAPTAIN CODY, LIEUTENANT ) | |
| WILSON, LIEUTENANT DULCOS, ) | |
| LIEUTENANT CUNNINGHAM, and ) | |
| LIEUTENANT HOLLIFIELD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Presently before the Court are Plaintiff's Motion to File Amended Complaint (ECF No. 40) and Motion to Compel Discovery (ECF No. 47). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

In her Motion to File Amended Complaint, Plaintiff states that there are some claims that were not listed and presented in the previous complaint, including "an addition to the actual 'federal constitutional or statutory rights' that were violated" that was not purposely omitted. Rule 15(a)(2), Fed.R.Civ.P., provides that leave to amend a pleading should be given freely when justice so requires. Defendants did not file a response to Plaintiff's motion. The undersigned has entered a Report and Recommendation (ECF No. 20) as to the current Amended Complaint recommending that Defendants Vinson, Freeman, Hayes, Cody, Wilson, Duclos, Cunningham, and Hollifield be

summarily dismissed from this action. Plaintiff's proposed Second Amended Complaint does not add any additional factual allegations against these Defendants that would cure the deficiencies identified in the Report and Recommendation.[1] Thus, Plaintiff's Motion to File Amended Complaint (ECF No. 40) is **GRANTED** only as the claims against Defendants Johnson, Ballew, and Gillespie, and **DENIED** as to any claims against Defendants Vinson, Freeman, Hayes, Cody, Wilson, Duclos, Cunningham, and Hollifield. The Clerk of Court is directed to file the proposed Second Amended Complaint attached to Plaintiff's motion.

In Plaintiff's Motion to Compel, Plaintiff asserts that she served written Interrogatories, Requests for Admission, and Requests for Production of Documents on Defendants on March 5, 2021. Defendants Johnson, Ballew, and Gillespie responded to the Requests for Admission but did not respond to the remaining discovery requests.[2] Plaintiff filed the Motion to Compel on June 21, 2021.

Defendants argue that the discovery requests were not timely served. The Amended Scheduling Order (ECF No. 38) provides that "[d]iscovery shall be completed no later than **March 26, 2021**. All discovery requests shall be served in time for the responses thereto to be served by this date." Plaintiff asserts that she served the discovery requests on March 5, 2021. Responses to

---

[1]Specifically, in both the Amended Complaint and the proposed Second Amended Complaint, Plaintiff alleges only that she submitted grievances to Defendants Freeman, Hayes, Cody, Wilson, Duclos, Cunningham, and Hollifield. She does not allege any personal involvement by these Defendants, which fails to state a claim under 42 U.S.C. § 1983. Report and Recommendation pp. 5-6. In addition, in both the Amended Complaint and the proposed Second Amended Complaint, Plaintiff alleges that Defendant Vinson required her to wear a GPS monitor for 96 hours while in jail, which fails to state a claim of constitutional magnitude. Report and Recommendation pp. 6-7.

[2]Plaintiff also asserts in her motion that Defendants Vinson, Freeman, Hayes, Cody, Wilson, Duclos, Cunningham, and Hollifield failed to respond to any of her discovery requests. However, as stated above, a Report and Recommendation (ECF No. 20) has been entered recommending that these Defendants be summarily dismissed. Thus, they have not been served in this case.

Interrogatories, Requests for Admission, and Requests for Production of Documents are to be served on the requesting party within 30 days of service.  See Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A), 36(a)(3).  Thus, Plaintiff did not serve the discovery requests on Defendants in time for the responses thereto to be served by the discovery deadline as required by the Amended Scheduling Order.  Accordingly, the requests were untimely.[3]  For this reason, Plaintiff's Motion to Compel Discovery(ECF No. 47) is **DENIED**.

    **IT IS SO ORDERED.**

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 20, 2021
Florence, South Carolina

---

[3] The court notes that Plaintiff's Motion to Compel was untimely as well.  See Fed.R.Civ.P. 37.01(A) (requiring that motions to compel be filed within 21 days after the discovery responses were due).