IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Paris Laquisha Funderburk, | ) | |
| | ) | Civil Action No.: 4:20-cv-2903-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Deputy Johnson, Deputy N. Vinson, Deputy William Ballew, Deputy Josh Gillespie, Major Freeman, Captain Hayes, Captain Cody, Lieutenant Wilson, Lieutenant Dulcos, Lieutenant Cunningham, and Lieutenant Hollifield, | ) ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 72), filed on March 9, 2022, recommending the court dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. (*Id.* at 2.) For the reasons below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 72) and **DISMISSES** this action.

Plaintiff Paris Laquisha Funderburk filed this civil rights action *pro se*[1] against the above-named defendants on August 10, 2020. (ECF No. 1.) Defendants filed a Motion for Summary Judgment on October 20, 2021. (ECF No. 59.) Because Plaintiff is a *pro se* litigant, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975), advising

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cnty. Complex Solic.'s Off.*, No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

Plaintiff that a failure to respond to Defendants' motion could result in the motion being granted and her claims against the remaining Defendants dismissed. (ECF No. 60.) In the order, the Magistrate Judge directed Plaintiff to file any materials in opposition to Defendants' Motion for Summary Judgment within thirty-one (31) days from the date of the order. (*Id.* at 1.) Although she was granted three (3) extensions to respond to the Motion for Summary Judgment (*see* ECF Nos. 66, 75, 80), Plaintiff did not file a response. The Magistrate Judge's *Roseboro* Order was mailed to Plaintiff on October 21, 2021 and was not returned as undeliverable. (*See* ECF No. 61.) The court therefore presumes Plaintiff received the order but neglected to comply within the time permitted. The Magistrate Judge issued the Report on March 9, 2022, recommending the court dismiss the case for failure to prosecute and informing the parties of their right to file objections to the Report. (ECF No. 3–4.) None of the parties filed objections.

The Magistrate Judge makes only a recommendation to this court. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff's lack of response indicates an intent to not prosecute this case, and subjects the case to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989)

(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*). "The court has 'inherent power to manage its docket in the interests of justice.'" *Luberda v. Purdue Fredrick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962).

A review of the record indicates that the Magistrate Judge specifically informed Plaintiff that if she failed to comply with the Magistrate Judge's instructions, this case would be subject to dismissal. Thus, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ACCEPTS** the Report in its entirety (ECF No. 72), and incorporates it herein. Accordingly, the court **DISMISSES** this action.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 1, 2022
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.