IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paris Laquisha Funderburk, | C/A No. 4:20-cv-2903-JFA |
| Plaintiff, | |
| v. | **ORDER** |
| Deputy Johnson, Deputy N. Vinson, Deputy William Ballew, Deputy Josh Gillespie, Major Freeman, Captain Hayes, Captain Cody, Lieutenant Wilson, Lieutenant Dulcos, Lieutenant Cunningham, and Lieutenant Hollifield, | |
| Defendants. | |

This matter is before the Court on Plaintiff Paris Laquisha Funderburk's Motion for Reconsideration. (ECF No. 86). As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the Court will treat this motion as a Rule 59 Motion to Alter or Amend the Judgment.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed*.*); *Doe v. Spartanburg Cty. Sch. Dist. Three*, 314 F.R.D. 174, 176 (D.S.C. 2016) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins*. Co., 148 F.3d 396, 403 (4th Cir. 1998)). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash

1

issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Here, Plaintiff seeks to have this Court reconsider its prior order adopting the Magistrate Judge's Report and Recommendation and consequently dismissing this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 83). Within her motion, Plaintiff references severe winter storms as a reason for her failure to respond to Defendant's motion for summary judgment. However, this delay fails to account for the 10-month gap between the filing of Defendant's motion for summary judgment and the filing of Plaintiff's motion for reconsideration. Plaintiff was granted three extensions to respond to the dispositive motion and has yet to file a response. Accordingly, her motion shows neither new controlling law, nor new evidence, nor points out a clear legal error of this Court. Thus, the motion to reconsider is denied.

To the extent that this motion could be considered a motion for relief from a judgment pursuant to Federal Rule of Civil Procedure 60, as Defendants suggest, it nonetheless fails. Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff has failed to meet any of the stated grounds for relief pursuant to Rule 60(b). At the outset, reasons (2), (3), (4), and (5) are inapplicable in this case. As for reason (1), the Plaintiff has presented no evidence to this Court of mistake, inadvertence, surprise or excusable neglect. While one or more of her motions for extension of time reference impacts inclement winter weather had on her from mid-January through the end of February, 2022, that does not excuse her failure to file any Response to the Motion for Summary Judgment or Objections to the Report and Recommendation since her last extension request was granted by the Court on April 19, 2022. Indeed, prior to her Motion for Reconsideration filed on August 29, 2022, the Plaintiff had filed nothing in this case since April 19, 2022.

The passage of more than four months between Plaintiff's filings in this case, her failure to file any Response in opposition to the Defendants' Motion for Summary Judgment which was filed on October 20, 2021, or to file any Objections to the Report and Recommendation issued on March 9, 2022, cannot be considered "mistake, inadvertence, surprise or excusable neglect" pursuant to 60(b)(1), or the 60(b)(6) catch-all provision authorizing relief for "any other reason that justifies relief."

For the above reasons, the motion to reconsider is denied.

IT IS SO ORDERED.

September 14, 2022                      Joseph F. Anderson, Jr.
Columbia, South Carolina                United States District Judge

3